Jeffrey D. Kaliel (SBN 238293)
*jkaliel@kalielpllc.com*
Sophia Goren Gold (SBN 307971)
*sgold@kalielgold.com*
**KALIEL GOLD PLLC**
1100 15th Street NW, 4th Floor
Washington, D.C.  20005
Tel: (202) 350-4783

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE STOUT, on behalf of the general public, <br><br> Plaintiff, <br><br> v. <br><br> GRUBHUB INC., and DOES 1- 50, inclusive, <br><br> Defendant. | Case No. 3:21-cv-04745-EMC <br><br> **FIRST AMENDED COMPLAINT** <br><br><br> **[DEMAND FOR JURY TRIAL]** <br><br><br> Hon. Edward M. Chen |

1

**FIRST AMENDED COMPLAINT**

Plaintiff JESSE STOUT, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff and through his attorneys as follows:

### NATURE OF ACTION

1.  Plaintiff seeks public injunctive relief from Defendant Grubhub Inc. ("Defendant" or "Grubhub"), arising from Grubhub's deceptive and untruthful advertising related to Grubhub's promise to provide "Unlimited Free Delivery" to Grubhub+ subscribers.

2.  Since it began offering the service in 2020, Grubhub has marketed its Grubhub+ monthly subscription service as a flat, low-cost way to receive "Unlimited Free Delivery." For $9.99/month, Grubhub promised users that if they signed up for Grubhub+, they would receive unlimited free delivery on Grubhub orders over $12.

3.  Thousands of Californians availed themselves of that offer and continue to do so every day.

4.  However, in December 2020, Grubhub began adding additional delivery fees to the orders placed by Grubhub+ users.

5.  To conceal the true nature of these additional delivery fees, Grubhub styled the fee a "CA Driver Benefits Fee," which it began adding to every Grubhub+ order in December 2020.

6.  The CA Driver Benefits Fee is a delivery fee. This fee, which is tacked on to every delivery order (but not to orders through Grubhub that are picked up in store) is, by definition, a delivery fee.

7.  But for Plaintiff and other Grubhub+ subscribers, who signed up for Grubhub+ based on the promise of "Unlimited Free Delivery," the imposition of a delivery fee to every order fundamentally undermines the benefit of their bargain and amounts to a bait & switch.

8.  Plaintiff and other Grubhub+ subscribers are lured into signing up for a Grubhub+ subscription based on the promise of Unlimited Free Delivery. Grubhub fails to honor that promise, however, by adding a CA Driver Benefits Fee to every Grubhub order.

9.  Plaintiff and other consumers have been injured by Grubhub's practices and may be injured again in the future absent public injunctive relief. Plaintiff brings this action on behalf of himself and for the benefit of the general public. Accordingly, Plaintiff seeks a public injunction on behalf of the

general public to prevent Grubhub from continuing to engage in its illegal practices described herein and reasonable attorneys' fees and costs incurred in the litigation.

## PARTIES

10. Plaintiff Jesse Stout is a citizen of the State of California who resides in the County of San Francisco, State of California.

11. Defendant, Grubhub Inc., is incorporated in Delaware and maintains its principal business offices in Chicago, Illinois.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Defendant and the claims set forth below pursuant to 28 U.S.C. §§ 1332(a)(1) because Plaintiff is a citizen of a state different from Defendant and the matter in controversy exceeds the jurisdictional minimum of this Court. Specifically, pursuant to Defendant's Notice of Removal (Dkt. No. 1), Defendant contends that "the number of delivery orders placed by Grubhub+ members for which the CA Driver Benefits Fee was charged since December 2020 [until June 2021] exceeded 1.7 million." *See* Dkt. No. 1-2. On average, then, Grubhub charges its $2.50 CA Driver Benefits Fee on approximately 280,000 Grubhub+ orders every month, and therefore earns approximately $700,000 every month from its continued assessment of this fee. Plaintiff seeks an order from this Court enjoining Grubhub from continuing to assess this fee. The monetary loss to Grubhub if Plaintiff prevails therefore exceeds this Court's jurisdictional minimum.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's causes of action occurred in this District.

## FACTUAL ALLEGATIONS

**A. Grubhub Lobbied for Proposition 22, And Then Didn't Want to Pay the Costs Associated with Its Passage**

14. Proposition 22 was a ballot initiative in California in the November 2020 election which aimed to exempt app-based transportation and delivery companies from AB5. AB5 would have required Grubhub and other delivery companies to classify their drivers as employees rather than independent contractors. Had AB5 remained the law, all Grubhub drivers would have been guaranteed a variety of

3

**FIRST AMENDED COMPLAINT**

extensive benefits under state law, including overtime, sick time, health care, bargaining rights, and unemployment insurance, among others.

15. When AB5 passed in September 2019, app-based food delivery companies, including Grubhub, publicly protested in every forum available to them, decrying the law as incompatible with their business model.

16. Desperate to avoid the profit-cutting implications of AB5, the app-based food delivery companies devised Proposition 22.

17. Proposition 22 aimed to exempt app-based food delivery companies from the scope of AB5. But in a concession to labor advocates, and in an effort to gain public buy-in, the Proposition also provided certain minimum protections and benefits to drivers. Those protections—while not nearly as extensive as those which would have been afforded to drivers had they been deemed employees—did guarantee drivers a higher level of benefits than they had been receiving as independent contractors prior to the passage of AB5. For example, under Proposition 22, drivers would receive 120% of the local minimum wage for each hour spent driving. Drivers would also receive limited expense reimbursement as well as a health insurance stipend, among other benefits.

18. Grubhub and other app-based food delivery companies poured millions of dollars into the Proposition 22 campaign. Proposition 22 quickly became the most expensive measure in California history, with over $200 million contributed to the campaign effort.

19. Grubhub and other app-based food delivery companies sold California voters on the idea that Proposition 22 was a "compromise" that would "create a third employment classification" allowing drivers "more perks than the average independent contractor but wouldn't entitle workers to the full benefits of an employee" that they otherwise would have been entitled to under AB5.[1] Proposition 22, these companies argued, was the way to ensure adequate protections to drivers, while also keeping their businesses afloat.

---

[1] https://www.wired.com/story/uber-lyft-fight-law-say-doesnt-apply/

20. After months of extensive campaigning, advertising, and lobbying, Grubhub and the other app-based food delivery companies ultimately got their way, and California voters passed Proposition 22, exempting Grubhub and other companies from AB5.

21. Shortly after the passage of Proposition 22, however, Grubhub was faced with a problem. Proposition 22—hailed as the "compromise" that would largely exempt Grubhub from paying for the extensive benefits that otherwise would be required under California employment law—still required Grubhub to pay for certain benefits and protections that it had not previously been covering. These benefits posed a threat to Grubhub's profit margin.

22. Despite spending millions of dollars campaigning for the passage of Proposition 22, Grubhub didn't want to pay the costs associated with its passage.

23. That is why, in December 2020, one month after the passage of Proposition 22, Grubhub began charging a "CA Driver Benefits Fee." The CA Driver Benefits Fee is $2.50 and is added to all California orders. Consumers have no option to opt out of paying the CA Driver Benefits Fee. Grubhub does not add the CA Driver Benefits Fee to orders made through Grubhub that are picked up in-store.

**B. California Consumers Subscribe to Grubhub+ Based on the Promise of Free Delivery**

24. Grubhub markets its Grubhub+ monthly subscription service as a flat, low-cost way to receive "Unlimited Free Delivery." For $9.99/month, Grubhub promises users that if they sign up for Unlimited, they will receive "unlimited free delivery at your favorite restaurants" so long as the order size met a certain monetary minimum. Thousands of Californians availed themselves of that offer, and continue to do so every day.

25. Grubhub prominently advertises Grubhub+ as a way to "Get free delivery on all your orders." On its website, https://www.grubhub.com/plus, Grubhub promises:

**GRUBHUB+**

# Get free delivery on all your orders

Join Grubhub+ and get unlimited free delivery at your favorite restaurants, exclusive rewards, and more.

26. That same homepage further states:



27. Grubhub plasters its "Unlimited Free Delivery" promise in every advertisement on its website and on its app discussing Grubhub+. Indeed, Grubhub advertised its program consistently across all marketing channels.

28. In the app, Grubhub advertises its offer in the same way:



6

**FIRST AMENDED COMPLAINT**

29. In short, in every advertisement and description of the service, Grubhub always uses the same "Unlimited free delivery" promise.

**C. Grubhub's Assessment of a CA Driver Benefits Fee Amounts to a Bait & Switch**

30. The CA Driver Benefits Fee undermines Grubhub's promise to provide "Unlimited Free Delivery" and amounts to a bait & switch.

31. Grubhub+ users signed up for, and Grubhub promised to provide, Unlimited Free Delivery for $9.99/month. The promise of "unlimited free delivery" is material to all Grubhub+ subscribers because that is the entire point of the subscription.

32. But Grubhub fails to honor its promise of unlimited free delivery by charging CA Driver Benefits Fees.

33. The CA Driver Benefits Fee is a delivery fee. Indeed, Grubhub does not charge this fee to orders placed through the app and picked up in store. As indicated by its name, the CA Driver Benefits Fee is used to pay drivers for the benefits they are afforded under Proposition 22. A fee that is tacked on to every order to compensate drivers in exchange for their delivery of food is, by definition, a delivery fee.

34. In luring Unlimited consumers into the promise of Unlimited Free Delivery, and then reneging on that promise by adding a CA Driver Benefits Fee to every order, Grubhub deceives consumers and is unjustly enriched.

**D. Grubhub's App Fails to Bind Users to the Terms of Service.**

35. When a consumer downloads the Grubhub app, or uses the Grubhub website, he or she is required to create an account in order to sign up for Grubhub+.

36. In order to do so, a user enters in a name and contact information.

37. While the account creation screen contains a small hyperlink to view Grubhub's Membership Terms, users are not required affirmatively consent to such terms, such as by clicking a check box.

38. Moreover, the Membership Terms is a contract that exists separate and apart from Grubhub's Terms of Use, and supersede Grubhub's Terms of Use to the extent there is a conflict between them.

39. When signing up for Grubhub, consumers never agree to Grubhub's Terms of Service or any arbitration clause therein.

40. Grubhub+ subscribers are also never emailed the Terms of Service after signing up for the program.

41. Moreover, the Terms of Service are unenforceable to the extent they attempt to prohibit users from seeking public injunctive relief in any forum, in violation of the California Supreme Court's holding in *McGill v. Citibank*, N.A., 2 Cal. 5th 945 (2017). For avoidance of doubt, by way of this action, Plaintiff seeks public injunctive relief in order to prevent Grubhub from continuing to deceive consumers.

### E. Plaintiff's Experience

42. Plaintiff signed up for the Grubhub+ service based on the representations described above, and specifically based on the promise that he would receive "Unlimited Free Delivery" with a Grubhub+ subscription.

43. Plaintiff has since paid the CA Driver Benefits Fee on several occasions, including for example, in March 2021.

44. Plaintiff would not have signed up for Grubhub+ if he knew he would not really be receiving unlimited free delivery.

45. Although Plaintiff cancelled his Grubhub+ service after discovering Grubhub failed to honor its promise to provide "Unlimited Free Delivery," Plaintiff would be interested in signing up for Grubhub+ in the future if he could be assured that Grubhub would in fact honor its promise to provide "Unlimited Free Delivery" and would not add a CA Driver Benefits Fee to every order.

46. As of now, Plaintiff is unable to determine, based on Grubhub's representations, whether he will truly receive free delivery through the Grubhub+ subscription. Thus, Plaintiff is unable to rely upon Grubhub's representations regarding its Grubhub+ subscription now and in the future.

### CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**Violation of California's Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*

47. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

48. California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice." Grubhub's conduct related to deceptively representing that it would provide "unlimited free delivery" to Grubhub+ subscribers violates each of the statute's "unfair," "unlawful," and "fraudulent" prongs.

49. The UCL imposes strict liability. Plaintiff need not prove that Grubhub intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

50. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

51. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

52. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

53. Grubhub committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, by affirmatively and knowingly misrepresenting on its website and mobile app that it would provide Unlimited Free Delivery to Grubhub+ subscribers, when, in reality, it adds a delivery fee through the assessment of the CA Driver Benefits Fee to every order.

54. Defendant's acts and practices offend an established public policy of fee transparency in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

55. The harm to Plaintiff and consumers in the general public outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

56. Defendant's conduct also constitutes an "unlawful" act under the UCL because, as detailed in Plaintiff's Second Claim for Relief below, it also constitutes a violation of sections 1770(a)(5)

and (a)(9) of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, *infra,* in that Grubhub deceptively represents that it provides Unlimited Free Delivery to Grubhub+ subscribers; in reality, however, this marketing message is false because Grubhub charges a CA Driver Benefits Fee which is a fee meant to compensate drivers for delivering food, i.e. a delivery fee

57. Grubhub's business practices have misled Plaintiff and consumers in the general public and will continue to mislead them in the future.

58. Plaintiff relied on Defendant's misrepresentations about the Grubhub+ subscription program, believing he would receive "Unlimited Free Delivery" as promised, while a Grubhub+ subscriber.

59. By falsely marketing "Unlimited Free Delivery," Grubhub deceived Plaintiff and consumers into signing up for Grubhub+, only to renege on that promise by charging a CA Driver Benefits Fee. Grubhub's conduct amounted to a bait & switch.

60. Had Plaintiff known the truth, he would not have become a Grubhub+ subscriber.

61. As a direct and proximate result of Grubhub's unfair, fraudulent, and unlawful practices, Plaintiff and consumers in the general public suffered and will continue to suffer actual harm. Defendant's fraudulent conduct is ongoing and present a continuing threat to consumers in that they will be deceived into signing up for Grubhub+ under the false belief that they will receive "Unlimited Free Delivery."

62. Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff, on behalf of the general public, seeks an order of this Court enjoining Defendant from continuing to engage, use, or employ their unfair, unlawful, and fraudulent practices. Specifically, Plaintiff seeks an order from this Court ordering Grubhub to stop charging the CA Driver Benefits Fee on Grubhub+ subscribers.

63. Plaintiff faces an actual or imminent threat of future injury sufficient to confer standing to seek injunctive relief because he is unable to rely upon Grubhub's advertising regarding its "Unlimited Free Delivery" for Grubhub+ subscription users despite his desire to use the Grubhub+ service in the future.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**Cal. Civ. Code § 1750,** *et seq.*

**FIRST AMENDED COMPLAINT**

64. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

65. This cause of action is brought pursuant to the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, *et seq*. Plaintiff is a "consumer" as defined by California Civil Code § 1761(d). Defendant's sale of food products to consumers for delivery ordered through its website and mobile app were "transactions" within the meaning of California Civil Code § 1761(e). Grubhub+ is a "service" within the meaning of California Civil Code § 1761(b).

66. Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and consumers which were intended to result in, and did result in, the sale of the Grubhub+ service:

   a. "Representing that goods or services have . . . characteristics . . . that they do not have" (a)(5); and

   b. "Advertising goods or services with intent not to sell them as advertised" (a)(9).

67. Specifically, Grubhub advertised to customers that it would provide Unlimited Free Delivery to Grubhub+ subscribers, when, in reality, it adds a delivery fee through the assessment of the CA Driver Benefits Fee to every order.

68. By falsely marketing "Unlimited Free Delivery," Grubhub deceived Plaintiff and consumers into signing up for Grubhub+, only to renege on that promise by charging a CA Driver Benefits Fee. Grubhub's conduct amounted to a bait & switch.

69. Grubhub continues to violate the CLRA and continues to injure the public by misleading consumers about its delivery fees. Accordingly, Plaintiff seeks injunctive relief on behalf of the general public to prevent Grubhub from continuing to engage in these deceptive and illegal practices. Otherwise, Plaintiff and members of the general public may be irreparably harmed and/or denied effective and complete remedy if such an order is not granted.

70. In accordance with Cal. Civ. Code § 1780(a), Plaintiff seeks injunctive relief on behalf of the general public for violations of the CLRA. . Specifically, Plaintiff seeks an order from this Court ordering Grubhub to stop charging the CA Driver Benefits Fee on Grubhub+ subscribers.

**FIRST AMENDED COMPLAINT**

71. Plaintiff faces an actual or imminent threat of future injury sufficient to confer standing to seek injunctive relief because he is unable to rely upon Grubhub's advertising regarding its "Unlimited Free Delivery" for Grubhub+ subscription users despite his desire to use the Grubhub+ service in the future.

72. Pursuant to § 1782(a) of the CLRA, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act.

### THIRD CLAIM FOR RELIEF
### False and Misleading Advertising
### [Business & Professions Code §§ 17500, *et seq*.]

73. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

74. California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, states that "[i]t is unlawful for any ... corporation ... with intent … to dispose of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement...which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...."

75. Defendant's material misrepresentations and omissions alleged herein violate Bus. & Prof. Code § 17500.

76. Defendant knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

77. Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff, on behalf of the general public, seeks an order of this Court enjoining Defendant from continuing to engage, use, or employ their practice of misrepresenting their delivery fees.

**FIRST AMENDED COMPLAINT**

78. Plaintiff faces an actual or imminent threat of future injury sufficient to confer standing to seek injunctive relief because he is unable to rely upon Grubhub's advertising regarding its "Unlimited Free Delivery" for Grubhub+ subscription users despite his desire to use the Grubhub+ service in the future.

79. Additionally, Plaintiff seeks an order requiring Defendant to pay attorneys' fees pursuant to Cal. Civ. Code § 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and for the benefit of the general public seeks judgment as follows:

(a) For public injunctive relief, enjoining Defendant from continuing the unlawful practices set forth above;

(b) For declaratory and injunctive relief as set forth above;

(c) For reasonable attorneys' fees and costs of suit; and

(d) Awarding such other and further relief as this Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims so triable.

Dated: September 2, 2021     **KALIEL GOLD PLLC**

By: _____
Jeffrey D. Kaliel
Sophia G. Gold

*Attorneys for Plaintiff*