1  Jeffrey D. Kaliel (SBN 238293)
   *jkaliel@kalielpllc.com*
2  Sophia Goren Gold (SBN 307971)
   *sgold@kalielgold.com*
3  **KALIELGOLD PLLC**
   1100 15th Street NW, 4th Floor
4  Washington, D.C.  20005
   Tel: (202) 350-4783
5
   *Attorneys for Plaintiff and the Proposed Class*
6

7

8                **UNITED STATES DISTRICT COURT**
9
               **NORTHERN DISTRICT OF CALIFORNIA**
10

11

12  JESSE STOUT, on behalf of himself      Case No. 3:21-cv-04745-EMC
    and all others similarly situated,
13                                          Assigned to: Hon. Edward M. Chen
14         Plaintiff,                       **PLAINTIFF'S OPPOSITION TO**
                                            **DEFENDANT GRUBHUB, INC.'S**
15  v.                                      **MOTION TO COMPEL ARBITRATION**
                                            **AND STAY PROCEEDINGS**
16  GRUBHUB INC., and DOES 1- 50,
    inclusive,                              Date:   December 2, 2021
17                                          Time:   1:30 p.m.
                                            Place:  Via Zoom
18         Defendant.                               San Francisco Courthouse
                                                    Courtroom 5-17th Floor
19                                                  450 Golden Gate Avenue
                                                    San Francisco. CA 94102
20

21

22

23

24

25

26

27

28

                                           1
─────────────────────────────────────────────────────────────
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

# <u>TABLE OF CONTENTS</u>

Page

I.      INTRODUCTION ................................................................................................  1

II.     BACKGROUND ................................................................................................  2

III.    ARGUMENT ....................................................................................................  3

        A.      Grubhub's Terms of Use Violate *McGill* Because They Deprive Consumers
                of the Right to Seek Public Injunctive relief in Any Forum ........................  3

                1.      Background: *McGill* Prohibits Waivers of the Right to Seek Public
                        Injunctive Relief in Any Forum ....................................................  3

                2.      Grubhub's Terms of Use Are Unenforceable Under *McGill* .........  5

                        i.      Grubhub's Terms of Use Improperly Waives the Right to
                                Seek Public Injunctive Relief in Any Forum ....................  5

                        ii.     Plaintiff Seeks Public Injunctive Relief .............................  7

                3.      Because the Waiver Is Invalid, The Rest of the Arbitration Clause
                        is Null and Void ..............................................................................  9

IV.     CONCLUSION ...............................................................................................  12

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

# **TABLE OF AUTHORITIES**

Page(s)

## **Cases**

*Blair v. Rent-A-Center,*
928 F.3d 819 (9th Cir. 2019) ..................................................................................1, 4, 7, 9

*Cottrell v. AT&T, Inc.,*
No. 19-cv-07672-JCS, 2020 WL 2747774 (N.D. Cal. May 27, 2020).................................6

*DiCarlo v. MoneyLion, Inc.,*
988 F.3d 1148 (9th Cir. 2021) ........................................................................................1

*Eiess v. USAA Fed. Savings Bank,*
404 F. Supp. 3d 1240 ...............................................................................2, 8, 9, 11

*Fernandez v. Bridgecrest Credit Company, LLC,*
No. EDCV 19-877-MWF-SHK, 2019 WL 7842449 (C.D. Cal. Oct. 29, 2019) ................................10

*Lag Shot LLC v. Facebook, Inc.,*
No. 21-CV-01495-JST, 2021 WL 2660433 (N.D. Cal. June 25, 2021) .............................11

*Hodges v. Comcast Cable Commc'ns, LLC,*
12 F.4th 1108 (9th Cir. 2021) .......................................................................................7, 9

*Maldonado v. Fast Auto Loans, Inc.,*
60 Cal. App. 5th 710 (2021) .......................................................................................6, 9

*McArdle v. AT&T Mobility LLC,*
No. 09-cv-01117-CW, 2017 WL 4354998 (N.D. Cal. Oct. 2, 2017) ....................................4, 6, 9, 10

*McGovern v. U.S. Bank N.A.,*
No. 18-CV-1794-CAB-LL, 2020 WL 4582687 (S.D. Cal. Aug. 10, 2020) ........................10

*Mejia v. DACM Inc.,*
54 Cal. App. 5th 691, 268 Cal. Rptr. 3d 642 ...............................................................6, 8, 9

*Olosoni v. HRB Tax Group, Inc.,*
No. 19-cv-3610-SK, 2019 WL 7576680 (N.D. Cal. Nov. 5, 2019).......................................6

*Rogers v. Lyft, Inc.,*
No. 20-CV-01938-VC, 2020 WL 1684151 (N.D. Cal. Apr. 7, 2020)........................................6

*Snarr v. HRB Tax Group, Inc.,*
839 Fed.Appx. 53 (2021) ................................................................................................8

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

*Tillage et a. v. Comcast Corp. et al.*,
    No. 18-15288, 722 Fed. Appx. 569 (9th Cir. 2019)..................................................................................4

**<u>Statutes</u>**

Bus. & Prof. Code § 17500 ...........................................................................................................................2

Bus. & Prof. Code § 17200 ...........................................................................................................................2

Civ. Code § 1770 ............................................................................................................................................2

Civ. Code § 3513 ............................................................................................................................................3

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

1  **I.**    <u>**INTRODUCTION**</u>

2         Plaintiff Jesse Stout ("Plaintiff" or "Mr. Stout") brings this lawsuit against Defendant Grubhub,

3 Inc. ("Grubhub") on behalf of himself and the general public to stop Grubhub's false and deceptive

4 advertising pertaining to its Grubhub+ membership. Grubhub lures consumers into signing up for its

5 monthly subscription service based on the promise of "Unlimited Free Delivery," but systematically fails

6 to deliver on that promise by imposing a $2.50 "driver benefits fee" to every delivery order. The driver

7 benefits fee is nothing more than a delivery fee because it is charged only on delivery orders, and not on

8 orders placed for pick-up through the app. By promising "Unlimited Free Delivery" and not providing it,

9 Grubhub deceived and continues to deceive consumers.

10         The ***only*** issue in this case is whether Plaintiff is entitled to public injunctive relief. Plaintiff does

11 not seek damages or restitution. He does not bring his claims on behalf of a class. Instead, Mr. Stout sues

12 Grubhub in his individual capacity and seeks only public injunctive relief and ancillary remedies.[1] *See*

13 *DiCarlo v. MoneyLion, Inc.,* 988 F.3d 1148, 1156 (9th Cir. 2021) ("[A]" plaintiff bringing an individual

14 lawsuit may seek public injunctive relief.").

15         In bringing the current Motion, Grubhub asks that Mr. Stout's request for public injunctive relief

16 be resolved in arbitration. But Grubhub's December 2020 Terms of Use unambiguously bar an arbitrator

17 from resolving  this dispute by stating: "THERE SHALL BE NO RIGHT OR AUTHORITY FOR ANY

18 DISPUTE TO BE ARBITRATED . . . ON BEHALF OF THE GENERAL PUBLIC (SUCH AS

19 CLAIMS AS A PRIVATE ATTORNEY GENERAL OR FOR PUBLIC INJUNCTIVE RELIEF)."

20 Koreis Decl., Ex. E Subsection III, pgs. 15-16 (capitalization in original). Grubhub cannot now re-write

21 its agreement.

22         Grubhub's public injunctive relief waiver is unenforceable under the California Supreme Court's

23 decision in *McGill v. Citibank, N.A.,* 2 Cal. 5th 945 (2017) and binding Ninth Circuit precedent set forth

24 in *Blair v. Rent-A-Center,* 928 F.3d 819 (9th Cir. 2019). Because public injunctive relief is the only

25 remedy sought in this case, there is nothing to sever and nothing to arbitrate. Pursuant to the Agreement's

26 own terms, this dispute belongs in Court.

27

28
---
[1] Plaintiff includes in his Prayer for Relief a request for declaratory relief and attorneys' fees and costs. These remedies flow from his request for public injunctive relief.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

As this Court previously held when confronted with another arbitration agreement that ran afoul of *McGill* in *Eiess v. USAA Fed. Sav. Bank,* 404 F. Supp. 3d 1240, 1260 (N.D. Cal. 2019) (J. Chen), in such circumstances, only "claims for monetary relief are subject to arbitration because the *McGill* rule does not apply to these claims[.]" However, plaintiff's consumer protection claims "may be litigated in court . . . to the extent [the plaintiff] is seeking pubic injunctive relief." *Id*. Because that is all Plaintiff seeks here, this dispute should remain in Court.

## II.   **BACKGROUND**

Plaintiff Jesse Stout brings this case on behalf of himself and the general public against Grubhub, alleging that Grubhub's deceptive and untruthful advertising related to Grubhub's promise to provide "Unlimited Free Delivery" to Grubhub+ subscribers violates California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.,* (the "UCL"), Consumer Legal Remedies Act, California Civil Code §§ 1770, *et seq.*, (the "CLRA"), and False Advertising Law, California Business & Professions Code §§ 17500, *et seq.*, (the "FAL"). *See* Dkt. No. 26 "Am. Compl."

Specifically, Grubhub imposes hidden delivery charges styled as a "CA Driver Benefits Fee," for all users who make Grubhub+ orders. *Id.* at ¶¶ 30-34. Although Grubhub markets its Grubhub+ monthly subscription service as a flat, low-cost way to receive "Unlimited Free Delivery" for $9.99/month, Grubhub secretly adds additional delivery fees to these orders by tacking on a "CA Driver Benefits Fee" to each and every delivery order placed. *Id.* By falsely marketing "Unlimited Free Delivery" for users who sign up for Grubhub+, consumers are duped into signing up for the Grubhub+ subscription service and the imposition of the "CA Driver Benefits Fee" amounts to a bait and switch. *Id.* For example, Plaintiff signed up for the Grubhub+ service based on the representation that he would receive "Unlimited Free Delivery" with a Grubhub+ subscription, and despite this promise, on several occasions after December 2020, Plaintiff unwittingly paid a delivery fee in the form of the "CA Drivers Benefit Fee" on orders he placed. *Id.* at ¶¶ 42-46.

Plaintiff further alleges Grubhub continues to mislead the general public by engaging in such deceptive practices related to the misrepresentation of delivery fees for its Grubhub+ subscribers. *Id.* at ¶¶ 12, 57, 61. Accordingly, Plaintiff seeks injunctive relief on behalf of the general public to enjoin Grubhub's alleged misconduct and to prevent the general public from being irreparably harmed by the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

false advertising about Grubhub+'s "Unlimited Free Delivery" features. *Id.* at ¶ 69.

On October 14, 2021, Defendant moved to compel Plaintiff's claims to arbitration pursuant to Grubhub's Terms of Use and Dispute Resolution Provision in effect on December 14, 2020 (the "Terms of Use"). The Terms of Use purportedly prohibits Plaintiff from litigating his request for public injunctive relief against Grubhub in court. Dkt. No. 28 and 28-1, Ex. E.

## III.    ARGUMENT

Mr. Stout's claims are not subject to arbitration because Grubhub's Terms of Use are unenforceable under *McGill*.

### A.    Grubhub's Terms of Use Violate *McGill* Because They Deprive Consumers of the Right to Seek Public Injunctive Relief in Any Forum

Grubhub's Terms of Use impermissibly deprive Plaintiff of his right to seek public injunctive relief—in both arbitration and in court—and thereby runs afoul of the California Supreme Court's decision in *McGill v. Citibank, N.A.,* 2 Cal. 5th 945 (2017). As such, Grubhub's arbitration clause must be held unenforceable, allowing Mr. Stout's claim for public injunctive relief to be litigated in court.

#### 1.    Background: *McGill* Prohibits Waivers of the Right to Seek Public Injunctive Relief in Any Forum

In *McGill,* the Supreme Court of California unanimously held that a contract provision purporting to prevent a consumer from seeking public injunctive relief in any forum is unenforceable. "Public injunctive relief" is relief that "has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." *McGill,* 2 Cal. 5th at 951. The issue before the court was whether the arbitration provision in question "is valid and enforceable insofar as it purports to waive [plaintiffs'] right to seek public injunctive relief *in any forum.*" *Id.* at 956 (emphasis in original). After finding that the complaint did, in fact, seek public injunctive relief, and that such relief was available under the CLRA, UCL, and FAL, the court concluded that the "arbitration provision here at issue is invalid and unenforceable under state law insofar as it purports to waive [plaintiffs'] statutory right to seek such relief." *Id.* at 958-61.

To reach this result, the court relied on Civil Code § 3513, which provides that "a law established

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

1  for a public reason cannot be contravened by private agreement." The court explained that because the
2  relief available under the UCL, the CLRA, and the FAL is "primarily for the benefit of the general
3  public," any waiver of the right to seek public injunctive relief under those statutes "would seriously
4  compromise the public purposes the statutes were intended to serve." *Id.* Accordingly, under *McGill*, "a
5  provision in any contract—even a contract that has no arbitration provision—that purports to waive, in
6  all fora, the statutory right to seek public injunctive relief under the UCL, the CLRA, or the false
7  advertising law is invalid and unenforceable under California law." *McGill*, 2 Cal.5th at 962.

8      The Ninth Circuit subsequently affirmed the *McGill* ruling in *Blair,* 928. F.3d at 828. In *Blair,* the
9  plaintiff entered into an agreement with Rent-A-Center to rent household items through set installment
10 payments, and after all payments are made on time or if the consumer is able to pay the full cash price
11 early, the consumer takes ownership of the item. The plaintiff challenged this practice by asserting that
12 Rent-A-Center charged total payment and cash price amounts that far exceeded the price of the items, in
13 violation of various consumer protection laws. The plaintiff sought public injunctive relief. However, the
14 arbitration provision in the agreement stated that "[t]here will be no right or authority for any dispute to
15 be brought, heard, or arbitrated as a class, collective, mass, private attorney general, or representative
16 action." *Id.* at 822-23.

17     The Ninth Circuit denied the defendant's motion to compel arbitration based on its ruling that
18 "[t]he *McGill* rule is a generally applicable defense derived from long-established California public
19 policy. It is a 'ground[] … for the revocation of any contract' and falls within the FAA's savings clause
20 at the first step of the preemption analysis", citing 9 U.S.C. § 2, which "permits agreements to arbitrate to
21 be invalidated by generally applicable contract defenses."  *Id.* at 828.

22     The Ninth Circuit Issued similar opinions in *McArdle v. AT&T Mobility, LLC,* 772 Fed. Appx.
23 575 (9th Cir. 2019) (concurrently filed opinion adopting holding in *Blair*); *see also Tillage v. Comcast*
24 *Corp. et al.,* 722 Fed. Appx. 569 (9th Cir. 2019), *cert. denied,* No. 19-1066, 2020 WL 2814783 (U.S. June
25 1, 2020) (same). AT&T and Comcast unsuccessfully sought certiorari review by the Supreme Court of
26 the United States in *McArdle* and *Tillage*.  The Supreme Court's denial of certiorari leaves the *McGill*
27 rule intact and precedential.

28          **2.     Grubhub's Terms of Use Are Unenforceable Under *McGill***

1    Grubhub's arbitration clause broadly requires the arbitration of all "claims," which are defined to

2    include all disputes between the accountholder and Grubhub:

> You and Grubhub agree that all claims, disputes, or disagreements that may arise out of the interpretation or performance of this Agreement or payments by or to Grubhub, or that in any way relate to your use of the Platform, the Materials, the Services, and/or other content on the Platform, your relationship with Grubhub, or any other dispute with Grubhub, shall be submitted exclusively to binding arbitration. This includes claims that arose, were asserted, or involve facts occurring before the existence of this or any prior Agreement as well as claims that may arise after the termination of this Agreement.

7    Terms of Use, XXIII Dispute Resolution, Subsection II, pg. 15.

8    Accordingly, this provision compels *all* disputes to arbitration—even those seeking public

9    injunctive relief as a remedy.

10    Further, the agreement contains a waiver that expressly bars an arbitrator from resolving disputes

11    that are representative in nature and restricts the arbitrator's ability to award public injunctive relief:

> YOU ACKNOWLEDGE AND AGREE THAT, TO THE MAXIMUM EXTENT ALLOWED BY LAW, EXCEPT AS SET OUT IN SECTION VII BELOW, **THERE SHALL BE NO RIGHT OR AUTHORITY FOR ANY DISPUTE TO BE ARBITRATED ON A CLASS, JOINT, COLLECTIVE OR CONSOLIDATED BASIS OR IN A PURPORTED REPRESENTATIVE CAPACITY ON BEHALF OF THE GENERAL PUBLIC (SUCH AS CLAIMS AS A PRIVATE ATTORNEY GENERAL OR FOR PUBLIC INJUNCTIVE RELIEF).** UNLESS BOTH YOU AND GRUBHUB OTHERWISE AGREE IN WRITING, THE ARBITRATOR MAY NOT CONSOLIDATE MORE THAN ONE PERSON'S CLAIMS (EXCEPT AS SET OUT IN SECTION VII BELOW), AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF ANY CLASS, JOINT, COLLECTIVE OR REPRESENTATIVE PROCEEDING. **THE ARBITRATOR MAY AWARD RELIEF (INCLUDING ANY DECLARATORY OR INJUNCTIVE RELIEF) ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO RESOLVE AN INDIVIDUAL PARTY'S CLAIM. THE ARBITRATOR MAY NOT AWARD RELIEF FOR OR AGAINST ANYONE WHO IS NOT A PARTY TO THE PROCEEDING.**

21    *Id.,* Subsection III, pgs. 15-16 (emphasis added).

22    Accordingly, because these provisions, when read together, improperly waive Grubhub's right to

23    seek public injunctive relief in any forum, and because the only remedy Plaintiff seeks in this lawsuit is

24    public injunctive relief, this dispute must remain in court.

25                    **i.    Grubhub's Terms of Use Improperly Waives the Right to Seek Public Injunctive Relief in Any Forum**

27    *McGill* is controlling and invalidates the arbitration clause in this case. Grubhub's Arbitration

28    Clause explicitly limits the arbitrator from making decisions or awarding relief that benefits anyone other

---

5

than the plaintiff: "The arbitrator may award relief (including any declaratory or injunctive relief) only in favor of the individual party seeking relief and only to the extent necessary to resolve an individual party's claim. The arbitrator may not award relief for or against anyone who is not a party to the proceeding." Section XXIII, subsection III., pg. 16. Critically, the provision expressly prohibits the arbitration of claims on a "purported representative capacity on behalf of the general public (such as claims as a private attorney general or for public injunctive relief)." *Id.* Combined with the requirement that "all claims" are subject to binding arbitration, the arbitration agreement violates *McGill* because it waives Plaintiff's right to seek public injunctive relief in any forum. *Id.*

Numerous courts have concluded that similar arbitration provisions that bar "representative" actions and that limit the right of the arbitrator to award injunctive relief "only in favor of the Plaintiff" are unenforceable. *See e.g., McArdle v. AT&T Mobility LLC,* No. 09-cv-01117-CW, 2017 WL 4354998, at * 1 (N.D. Cal. Oct. 2, 2017) (arbitration clause prohibited public injunctive relief where it limited the arbitrator to awarding relief "only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim"); *aff'd in* 772 Fed. Appx. 575 (9th Cir. 2019); *Maldonado,* 60 Cal. App. 5th at 722 (arbitration agreement which provided the consumer had no right to participate in or join "a class action, private attorney general action, or other representative action" violated *McGill* and was unenforceable); *Cottrell v. AT&T, Inc.,* No. 19-cv-07672-JCS, 2020 WL 2747774, at *5 (N.D. Cal. May 27, 2020) (arbitration provision with class waiver that limits arbitrator to awarding relief "only in favor of the individual party seeking relief" prevented an award of public injunctive relief in violation of *McGill*); *Rogers v. Lyft, Inc.,* No. 20-CV-01938-VC, 2020 WL 1684151, at *7-*8 (N.D. Cal. Apr. 7, 2020) (Agreement which "waive[d] the plaintiffs' right to pursue class, collective, or representative claims and further provides that the arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's claims" prohibited public injunctions and was therefore unenforceable); *Olosoni v. HRB Tax Group, Inc.,* No. 19-cv-3610-SK, 2019 WL 7576680, at *3 (N.D. Cal. Nov. 5, 2019) (finding arbitration provision that waives representative claims to be unenforceable); *Mejia,* 2020 WL 5525793 at * 7-9 (affirming trial court's finding that arbitration clause prohibited public injunctive relief where it barred arbitration on "a class, representative, or collective

basis (including as private attorney general on behalf of others)" and also explicitly barred the arbitrator from making "an award for the benefit of …anyone other than a named party").

In sum, because Grubhub's arbitration provision compels all claims to arbitration, yet only allows Plaintiff to pursue relief individually in that forum, the clause at issue bars Plaintiff's right to seek public injunctive relief in any forum and therefore violates *McGill*.

Grubhub does not appear to contest that its waiver of public injunctive relief is unenforceable. Rather, Grubhub argues instead that Plaintiff's request for public injunctive relief is not sufficiently "public" in nature, and that its unenforceable provision should be severed such that all or part of Plaintiff's request for public injunctive relief should proceed in arbitration. Both arguments are discussed below.

### ii.     Plaintiff Seeks Public Injunctive Relief

Grubhub's main argument in support of arbitration is that Plaintiff does not in fact seek public injunctive relief. But if this case does not seek public injunctive relief, it is hard to imagine one that does. Plaintiff seeks to stop Grubhub from continuing to violate California consumer protection law by falsely advertising its Grubhub+ membership as providing "Unlimited Free Delivery," when it does not. Plaintiff seeks an injunction enjoining Defendant from continuing the unlawful practices set forth in the Amended Complaint, which may include enjoining Grubhub from continuing to advertise its Grubhub+ membership as providing "Unlimited Free Delivery" and/or enjoining Grubhub from charging Grubhub+ members the driver benefits fee. Preventing and remedying false advertising is the "paradigmatic example" of public injunctive relief. *See Hodges v. Comcast Cable Commc'ns, LLC,* 12 F.4th 1108, 1115 (9th Cir. 2021) ("The paradigmatic example [of public injunctive relief] would be the sort of injunctive relief sought in *McGill* itself, where the plaintiff sought an injunction against the use of false advertising to promote a credit protection plan.").

As the Ninth Circuit held in *Blair,* 928 F.3d 819, an injunction under the UCL or CLRA that seeks "the elimination of deceptive practices" is, by definition, "public injunctive relief." *Id.* at 824. Here, Plaintiff's Prayer for Relief plainly includes a request for a public injunction to prevent Grubhub from continuing violate California consumer protection law, which is "relief oriented to and for the benefit of the general public." *See id.* at 831 n.3. The Complaint in this case makes clear that the

injunctive relief sought is to protect the public from Grubhub's misrepresentations, which are "misleading consumers about its delivery fees" Am. Compl., ¶¶ 69. Accordingly, because the injunction requested "does not limit itself to relief only for class members or some other small group of individuals[,], it encompasses consumers generally." *Mejia,* 2020 WL 5525793, at *7 (quotation marks and citations omitted).

Contrary to Grubhub's argument, the evidence in this case establishes that it is not a "narrow subset of individuals" who would benefit from the relief sought. To the contrary, in support of its Notice of Removal, Grubhub averred that over 1.7 million delivery orders were placed in the six months between December 2020, when Grubhub began charging the fee, and June 2021, when Grubhub removed this action to federal court. *See* Dkt. No. 1-2. And, more than 99,000 consumers paid for a Grubhub+ membership between December 2020 and June 2021. *Id.* Thus, nearly a hundred thousand Californians will be affected by the injunction Mr. Stout seeks here—and that does not include the hundreds of thousands of Californians who may sign up for Grubhub+ in the future.

Moreover, as this Court previously held in *Eiess*, which the Ninth Circuit cited with approval in *Snarr v. HRB Tax Group, Inc.*, 839 Fed.Appx. 53, 55, relief benefitting a subset of the public is still public injunctive relief. In *Eiess*, this court rejected this same argument:

> USAA attempts to argue that the remedy of public injunctive relief is inapplicable in the instant case because its services are offered to a subset of the general public – those who have served in the military or are related to servicemembers who qualify for USAA's services – and therefore any injunctive relief could never be for the benefit of the general "public." USAA cites to no California court decision holding that, if all members of the public are not potentially affected, then the injunction is not "public." Indeed, such a position would seem untenable; for example, simply because relief in a given case were designed to protect a subset of the general public – such as children, the elderly, women, or non-English speakers – such relief would hardly be deemed "nonpublic" in nature. Moreover, USAA's argument provides no guiding principle for a court to decide when a group of potentially affected individuals is sufficiently small to preclude "public" injunctive relief.

*Eiess,* 404 F. Supp. 3d at 1258–59.

The Ninth Circuit agreed with this Court's logic in *Snarr*, rejecting the defendant's argument that because the consumers who would benefit from the injunctive relief must qualify for the IRS free-filing

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

services, the relief sought was "private." In rejecting the argument, the Ninth Circuit cited this Court's opinion in *Eiess* with approval, noting "No California authority supports construing the beneficiaries of this type of injunctive relief so narrowly." 839 Fed.Appx. 53, 55

Indeed, the weight of legal authority is in accord that allegations like Plaintiff's sufficiently create a request for public injunctive relief. *See e.g. Blair,* 928 F.3d at 831 n.3 (holding plaintiff seeks public injunctive relief where she seeks "to enjoin future violations of California's consumer protection statutes"); *Mejia,* 2020 WL 5525793, at *7 (plaintiff sought public injunctive relief where his prayer sought an injunction forcing defendant to cease selling motor vehicles in the state of California without first providing the consumer with disclosures mandated by the Civil Code in a single document because he does not limit relief "for class members or some other small group of individuals; it encompasses 'consumers' generally"); *Maldonado,* 60 Cal. App. 5th at 722 (2021) (plaintiff sought public injunctive relief in case challenging terms of a loan because "it is enough that the requested relief has the purpose and effect of protecting the public from Lender's ongoing harm."); *McArdle,* 772 F. App'x 575 (affirming district court's finding that a plaintiff was pursuing public injunctive relief where the plaintiff was seeking to enjoin AT&T from "charg[ing] exorbitant fees for international cellular telephone service").

The recent *Hodges* decision does not change this outcome. In fact, *Hodges* readily distinguishes itself from the current case, by clarifying that "public injunctive relief within the meaning of *McGill* [includes] forward-looking injunctions that seek to prevent future violations of law for the benefit of the general public as a whole, as opposed to a particular class of persons, and that do so without the need to consider the individual claims of any non-party." *Hodges v. Comcast Cable Commc'ns, LLC,* 12 F.4th 1108, 1115 (9th Cir. 2021). That is this case. Plaintiff seeks public injunctive relief.

Thus, because Plaintiff seeks to enjoin Grubhub from continuing to violate California consumer protection law, Plaintiff seeks public injunctive relief.

> **3.    Because the Waiver Is Invalid, The Rest of the Arbitration Clause is Null and Void**

Since Grubhub's class dispute waiver provision conflicts with *McGill,* the entire arbitration agreement is unenforceable, by its own terms, pursuant to the poison-pill provision:

---

9

1

2

3

4

5

**This Class Action and Collective Relief Waiver is an essential part of this "Dispute Resolution" section, and if it is deemed invalid or unenforceable with respect to a particular claim or dispute, neither you nor Grubhub is entitled to arbitration of such claim or dispute.** Notwithstanding the foregoing, if a court determines that the Class Action and Collective Relief Waiver is not enforceable as to a particular claim or request for relief and all appeals from that decision have been exhausted (or the decision is otherwise final), then the parties agree that that particular claim or request for relief may proceed in court but shall be severed and stayed pending arbitration of the remaining claims.

6   Agreement, XXIII Dispute Resolution, Subsection III, pg. 16 (emphasis added).

7          This provision leaves no room for doubt that Grubhub's arbitration agreement should be voided

8   as to Plaintiff. The language is unambiguous and must be enforced according to its terms. Because the

9   provision which purports to waive the right of the arbitrator to hear any dispute in a "representative

10   capacity" including those disputes brought "on behalf of the general public (such as claims . . . for public

11   injunctive relief)"is unenforceable, the entire arbitration provision is void. *See McArdle,* 2017 WL

12   4354998, at *4-5 ("The procedure to be followed here is dictated, not by other courts' findings regarding

13   the procedures set forth in the arbitration agreements, but by the specific procedures contracted to by the

14   parties in the arbitration agreement at issue here."), *aff'd,* 772 F. App'x 575 (9th Cir. 2019).

15          As illustrated above, Grubhub's "Class Action and Collective Relief Waiver" broadly prohibits

16   all forms of "representative" proceedings, including the award of public injunctive relief. Because that

17   waiver is unenforceable under *McGill,* the poison pill is triggered and the entire arbitration provision is

18   void as to Plaintiff. *See McArdle*, 2017 WL 4354998, at *5 ("The waiver of public injunctive relief  . . . is

19   therefore unenforceable, and this triggers the 'poison pill' rendering the entire arbitration provision null

20   and void.'"); *see also Fernandez v. Bridgecrest Credit Company, LLC*, No. EDCV 19-877-MWF-SHK,

21   2019 WL 7842449 (C.D. Cal. Oct. 29, 2019), at *6 (holding that the invalidation of a paragraph

22   captioned "No Class Actions or Private Attorney General Actions" triggered the agreement's poison

23   pill). Accordingly, because the waiver of public injunctive relief is unenforceable under *McGill,* the

24   Arbitrator should void the entire arbitration agreement and allow Plaintiff's claims to proceed in court.

25   *See also McGovern,* 2020 WL 4582687, at * 2 fn. 1 ("Based on the holding in *McArdle,* the invalidity of

26   the public injunction waiver provision renders the entire arbitration provision null and void due to the

27   non-severability provision.").

28          In arguing to the contrary, Grubhub urges two non-sensical readings of its poison pill. First,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

Grubhub asks this Court "require that liability as to all of Plaintiff's claims, and all remedies other than public injunctive relief must be decided first by an arbitrator[.]" But this request makes little sense in the context of Plaintiff's Amended Complaint. Plaintiff seeks *only* public injunctive relief and ancillary remedies which flow from the award of that relief. Regardless of where this case proceeds, the only question to be decided is whether Plaintiff is entitled to public injunctive relief. In the context of a request for an injunction, severing "liability" from a "remedy" is not as simple as in cases for damages. If an arbitrator finds in favor of Mr. Stout, the arbitrator would necessarily hold that Mr. Stout is entitled to an injunction. There would be nothing left for the Court to decide, and the arbitrator would be doing exactly what the contract bars. Likewise, it would be impossible for an arbitrator to determine "declaratory relief" and "attorneys' fees and costs" without a simultaneous ruling as to public injunctive relief. Instead, this Court should do what it previously did in *Eiess*, and allow Mr. Stout's claims for public injunctive relief to proceed in Court. *See Eiess,* 404 F. Supp. at 1260.[2]

Moreover, severing liability from the remedy is not contemplated by the Terms of Use, either. If Grubhub wished to sever a liability determination, it would have said so. It did not. Instead, Grubhub first says if the waiver of public injunctive relief is deemed invalid, "neither you nor Grubhub is entitled to arbitration of such claim or dispute." Grubhub then goes on to state that  if a court determines that the Class Action and Collective Relief Waiver is not enforceable as to a particular claim or request for relief . . . then the parties agree that that particular claim or request for relief may proceed in court *but shall be severed and stayed pending arbitration of the remaining claims*." Agreement, XXIII Dispute Resolution, Subsection III, pg. 16. Here, there are no "remaining claims" to sever. The only "claim" or "request for relief" Plaintiff seeks is public injunctive relief, which Grubhub has prohibited an arbitrator from resolving.

Finally, Grubhub asks this Court to sever the public injunctive relief from the agreement entirely. *See* Mot. at 16. But the Agreement prohibits this result by deeming the waiver an "essential part" of the Dispute Resolution section. This Court may not re-write the terms of Grubhub's Agreement. If Grubhub

---

[2] Grubhub cites *Lag Shot LLC v. Facebook, Inc.,* No. 21-CV-01495-JST, 2021 WL 2660433 (N.D. Cal. June 25, 2021), but in that case seemingly supports Plaintiff insofar as the Court retained jurisdiction over the plaintiff's request for a public injunction. *See id*. at *10-*11. A public injunction is all plaintiff seeks here.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

1  had wanted to vest the Court with authority to sever any unenforceable term—even the class action and

2  collective relief waiver—it would have done so. It did not and the Court must honor the contract terms as

3  written. Moreover, even if Grubhub *had* written the contract in such a way (and it did not), Plaintiff's

4  claim for public injunctive relief should still be litigated in court, as this Court previously held in *Eiess*.

5  Thus, Grubhub's Motion should be denied.

6  **IV.     CONCLUSION**

7        For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion to

8  Compel Arbitration.

9  Dated:  October 28, 2021                          **KALIELGOLD PLLC**

10

11                                          By:*/s/ Sophia G. Gold*
                                                Sophia G. Gold
12                                              Jeffrey D. Kaliel
                                                1100 15th Street NW, 4th Floor
13                                              Washington, D.C. 20005
                                                Telephone: (202) 350-4783
14                                              sgold@kalielgold.com
                                                jkaliel@kalielpllc.com
15

16                                          *Attorneys for Plaintiff and the Proposed Class*

17

18

19

20

21

22

23

24

25

26

27

28

12

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

## **CERTIFICATE OF SERVICE**

I certify that on October 28, 2021, I filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system, and also served counsel of record via this Court's CM/ECF system.


*/s/ Sophia G. Gold*
Sophia G. Gold

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION