SOPHIA G. GOLD (SBN 307971)
**KALIELGOLD PLLC**
950 Gilman Street, Suite 200
Berkeley, California 94710
Telephone: (202) 350-4783
sgold@kalielgold.com

JEFFREY D. KALIEL (SBN 238293)
**KALIELGOLD PLLC**
1100 15th Street NW, 4th Floor
Washington, DC 20005
Telephone: (202) 350-4783
jkaliel@kalielpllc.com

*Attorneys for Plaintiff and the Putative Class*

Amy P. Lally (SBN 198555)
alally@sidley.com
**SIDLEY AUSTIN LLP**
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9662
Facsimile: (310) 595-9501

*Attorneys for Defendant Grubhub Inc.*
*(Additional counsel listed on signature page)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE STOUT, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GRUBHUB INC., and DOES 1-50, inclusive,<br><br>　　　　　Defendant. | Case No. 3:21-cv-04745-EMC<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT** |

**1.    Jurisdiction and Service**

Plaintiff filed this matter in San Francisco County, California. Defendant removed this matter to this Court. As set forth in Grubhub's Notice of Removal (ECF No. 1), Grubhub alleges this Court

1
INITIAL CASE MANAGEMENT STATEMENT

has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) ("Class Action Fairness Act" or "CAFA").

Defendant Grubhub has been served. Accordingly, all defendants and cross-defendants have been served.

**2.   Facts**

   **A.   Plaintiff's Position**

Plaintiff alleges the following causes of action (1) Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., (2) Violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; and (3) Violation of California's False and Misleading Advertising, Bus. & Prof. Code §§ 17500, et seq.

Plaintiff Jesse Stout ("Plaintiff" or "Mr. Stout") brings this lawsuit against Defendant Grubhub, Inc. ("Grubhub") on behalf of himself and the general public to stop Grubhub's false and deceptive advertising pertaining to its Grubhub+ membership. Grubhub lures consumers into signing up for its monthly subscription service based on the promise of "Unlimited Free Delivery," but systematically fails to deliver on that promise by imposing a $2.50 "driver benefits fee" to every delivery order. The driver benefits fee is nothing more than a delivery fee because it is charged only on delivery orders, and not on orders placed for pick-up through the app. By promising "Unlimited Free Delivery" and not providing it, Grubhub deceived and continues to deceive consumers. Plaintiff seeks public injunctive relief, declaratory relief, and attorneys' fees.

   **B.   Defendant's Position**

As a threshold matter, Plaintiff has brought his claims in the wrong forum. Plaintiff agreed to arbitrate disputes and the Federal Arbitration Act requires enforcement of that agreement. Grubhub has moved the Court to compel arbitration and stay proceedings pending completion of arbitration. Accordingly, Grubhub's position is that discovery and all case deadlines should be stayed until after the Court's ruling on Grubhub's motion to compel arbitration and stay proceedings. The motion has been noticed for a hearing at 10:00 a.m. on November 30, 2021.

Grubhub nevertheless denies and disputes each of Plaintiff's allegations and denies any wrongdoing with respect to the allegations in Plaintiff's First Amended Complaint. Specifically,

Grubhub does not assess a delivery fee on Grubhub+ members for eligible delivery orders placed through the mobile application or website. The CA Driver Benefits Fee is entirely lawful, and especially so where, as here, it is conspicuously disclosed. Plaintiff cannot point to a single false or misleading representation.

**3.    Legal Issues**

    **A.    Plaintiff's Position**   Whether Plaintiff is entitled to public injunctive relief and corresponding declaratory relief.

    **B.    Defendant's Position**

Grubhub disputes that Plaintiff seeks public injunctive relief, since the relief Plaintiff seeks would benefit only him and a small subset of other Grubhub customers. Before deciding any remedy, the threshold issue is whether or not Grubhub has violated California's Unfair Competition Law (*see* Plaintiff's First Claim For Relief, FAC ¶¶ 47–63), California's Consumer Legal Remedies Act (*see* Plaintiff's Second Claim for Relief, FAC ¶¶ 64–72), and California's False Advertising Law (see Plaintiff's Third Claim for Relief, FAC ¶¶ 73–79). Grubhub maintains that the action should proceed in arbitration.

**4.    Motions**

    **A.    Defendant's Position**

Grubhub has filed a motion to compel arbitration and stay proceedings and Plaintiff has opposed. Grubhub has also filed a motion for administrative leave to continue the initial Case Management Conference currently noticed for November 9, 2021 to after a decision on the motion to compel arbitration and stay proceedings is reached. Plaintiff has opposed that motion.

Grubhub maintains that this dispute must proceed in arbitration and the action must be stayed pending arbitration. Nevertheless, if the Court were to deny Grubhub's motion to compel arbitration, Grubhub may file a Motion to Dismiss and/or a Motion for Summary Judgment.

**5.    Amendment of Pleadings**

Plaintiff has filed a First Amended Complaint.

**6.    Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored

Information ("ESI Guidelines"), and the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. (ESI Guidelines 2.01 and 2.02 and Checklist for ESI Meet & Confer)

**7. Disclosures**

    **A.   Plaintiff's Position**

The Parties have not yet exchanged initial disclosures. Plaintiff proposes November 16, 2021 as the deadline to exchange such disclosures.

    **B.   Defendant's Position**

Grubhub maintains that this dispute must proceed in arbitration and the action must be stayed pending arbitration. Accordingly, Grubhub's position is that discovery, disclosures, and all case deadlines should be stayed until after the Court's ruling on Grubhub's motion to compel arbitration.

Grubhub proposes that initial disclosures be due 30 days after a ruling on the motion to compel arbitration, if the motion is denied, or 30 days after a ruling on a motion to dismiss, if filed.

**8. Discovery**

    **A.   Plaintiff's Position**

The Parties have not yet engaged in any discovery.

Plaintiff will require discovery into Grubhub's marketing and advertising of its Grubhub+ membership; whether Grubhub's marketing and advertising is likely to deceive the public; whether Grubhub was aware that its marketing and advertising was likely to decive the public; the purpose and composition of the "CA Driver Benefit fee" assessed to consumers; the design and function of Grubhub's online ordering platforms; and other issues relevant to the question of whether Plaintiff is entitled to public injunctive relief.

Plaintiff does not propose any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure.

Plaintiff intends to separately negotiate an ESI protocol and protective order.

Plaintiff  proposes the discovery plan set forth in Section 17.

    **B.   Defendant's Position**

Grubhub maintains that this dispute must proceed in arbitration and the action must be stayed

pending arbitration. Accordingly, Grubhub's position is that discovery and all case deadlines should be stayed until after the Court's ruling on Grubhub's motion to compel arbitration.

However, if the Court were to deny Grubhub's motion to compel arbitration, Grubhub anticipates seeking discovery as to whether Plaintiff has factual support for any and all allegations set forth in the First Amended Complaint, whether Plaintiff can satisfy the essential elements of the causes of action set forth in the First Amended Complaint, and whether Plaintiff has standing to pursue relief as a result of Grubhub's alleged conduct.

Grubhub intends to take the depositions of Plaintiff as well as any experts Plaintiff may put forth. Grubhub will also seek any communications Grubhub had with, or regarding, Grubhub.

**9.  Class Actions**

N/A

**10. Related Cases**

N/A

**11. Relief**

A.  **Plaintiff's Position**

Plaintiff seeks public injunctive relief. Specifically, Plaintiff seeks an order from this Court ordering Grubhub to stop charging the CA Driver Benefits Fee on Grubhub+ subscribers and/or enjoining Grubhub from continuing to engage, use or employ their practice of misrepresenting their delivery fees. Plaintiff also seeks declaratory relief and attorneys' fees and costs.

B.  **Defendant's Position**

Grubhub disputes Plaintiff's characterization of the relief he seeks. Under *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017), and *Hodges v. Comcast Cable. Commc'ns*, 12 F.4th 1108 (9th Cir. 2021), Plaintiff seeks "private" injunctive relief, not "public" injunctive relief, because the relief he seeks would benefit, if awarded, only a discrete subset of individuals similarly situated to Plaintiff. Specifically, in his First Amended Complaint, he states,

Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff, on behalf of the general public, seeks an order of this Court enjoining Defendant from continuing to engage, use, or employ their unfair, unlawful, and fraudulent practices. ***Specifically, Plaintiff seeks an order from***

*this Court ordering Grubhub to stop charging the CA Driver Benefits Fee on Grubhub+ subscribers.* See FAC ¶ 62 (emphases added); *see also* FAC ¶ 70 (same as to CLRA claim).

**12. Settlement and ADR**

The Parties have not engaged in any ADR.

**13. Consent to Magistrate Judge for All Purposes**

Plaintiff declined consent to have a magistrate judge conduct full proceedings including trial and entry of judgment.

**14. Other References**

Defendant contends this case belongs in arbitration. Plaintiff opposes.

**15. Narrowing of Issues**

None at this time.

**16. Expedited Trial Procedure**

N/A

**17. Scheduling**

**A. Plaintiff's Position**

Plaintiff's proposed dates for designated experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**B. Defendant's Position**

Grubhub maintains that this dispute must proceed in arbitration and the action must be stayed pending arbitration. Accordingly, Grubhub's position is that discovery and all case deadlines should be stayed until after the Court's ruling on Grubhub's motion to compel arbitration.

| Event | Plaintiff's Proposed Deadline | Grubhub's Proposed Deadline |
|---|---|---|
| Plaintiff's Expert Disclosures | March 1, 2022 | 210 days after motion to compel arbitration ruling, if motion denied, or ruling on motion to dismiss, if filed |
| Defendant's Expert Disclosures | April 1, 2022 | 240 days after motion to compel arbitration ruling, if motion denied, or ruling on motion to dismiss, if filed |
| Rebuttal Expert Disclosures | May 1, 2022 | 260 days after motion to compel arbitration ruling, if motion denied, or ruling on motion to dismiss, if filed |
| Discovery Cutoff | May 14, 2022 | Fact Discovery Cutoff: 180 days after motion to compel arbitration ruling, if motion denied, or ruling on motion to dismiss, if filed; Expert Discovery Cutoff: 300 days after motion to compel arbitration ruling, if motion denied, or ruling on motion to dismiss, if filed |
| Hearing of Dispositive Motions | June 30, 2022 | 400 days after motion to compel arbitration ruling, if motion denied, or ruling on motion to dismiss, if filed |
| Pre-Trial Conference | August 1, 2022 | 490 days after motion to compel arbitration ruling, if motion denied, or ruling on motion to dismiss, if filed |
| Trial Date | September 2022 | 540 days after motion to compel arbitration ruling, if motion denied, or ruling on motion to dismiss, if filed |

18. **Trial**

    A. **Plaintiff's Position**

    Plaintiff requests a bench trial and anticipates the trial to last 2-3 days.

    B. **Defendant's Position**

    Grubhub cannot provide an accurate estimate at this time. If the Court were to deny Grubhub's motion to compel arbitration, Grubhub anticipates calling both expert and fact witnesses at trial.

**19.** **Disclosure of Non-Party Interested Entities or Persons**

Defendant has filed a "Certificate of Interested Entities or Persons" required by Civil Local Rule 3-15. For Plaintiff, there is no "interested entity" to report.

**20.** **Professional Conduct**

The Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** **Other**

The parties currently do not believe there are any other matters that maybe conducive to the just and expeditious disposition of the case.

Dated: November 2, 2021                                      **KALIELGOLD PLLC**

                                                By:   */s/ Sophia G. Gold*
                                                      Sophia G. Gold
                                                      sgold@kalielgold.com

                                                      *Attorneys for Plaintiff Jesse Stout*

Dated: November 2, 2021                                      **SIDLEY AUSTIN LLP**

                                                By:   */s/ Amy P. Lally*
                                                      Amy P. Lally, SBN 198555
                                                      alally@sidley.com
                                                      Stacy Horth-Neubert, SBN 214565
                                                      shorthneubert@sidley.com
                                                      Farrah Vazquez, SBN 327371
                                                      farrah.vazquez@sidley.com
                                                      SIDLEY AUSTIN LLP
                                                      555 W. 5th Street, Suite 4000
                                                      Los Angeles, CA 90013
                                                      Tel: (213) 896-6000
                                                      Fax: (213) 896-6600

                                                      *Attorneys for Defendant Grubhub Inc.*

## SIGNATURE ATTESTION

I am the CM/ECF filer whose identification and password are being used to file the foregoing Stipulation.  In compliance with Local Civil Rule 5-1(i)(3), I hereby attest that every signatory has concurred in this filing.

Dated:  November 2, 2021        */s/ Sophia G. Gold*
                                Sophia G. Gold